UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                      :        CASE NO.: 11-19448-AJC
                                            :
MANUEL A VINENT,                            :        CHAPTER 7
                                            :
    Debtor.                                 :
_____/

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, SONEET R. KAPILA, (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1.    The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 7, 2011.

2.    Soneet R Kapila is the duly appointed Chapter 7 Trustee.

3.    The Trustee discovered during the Rule 2004 Examination of the Debtor that he had an accounts receivable in the amount of $2,130.00 which he has already turned over to the Trustee as part of this settlement.

4.    The Trustee believes that the 2005 Nissan Altima listed on Schedule B at a value of $4,250.00 was undervalued and as part of this settlement the Debtor has already turned over the vehicle and waived the $1,000.00 exemption on this car.

5. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

6. As part of this settlement, the Debtor has already turned over $2,130.00 to the Trustee. In addition, the Debtor has already turned over the 2005 Nissan Altima and waived the $1,000.00 exemption on this car.

7. Since the Debtor has already complied with the terms of this settlement, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property and with the exception of the 2005 Nissan Altima which has already been turned over.

8. Since the Debtor has already complied with the terms of this settlement, the Trustee will not object to the Debtor's claimed exemptions.

9. Since the Debtor has already complied with the terms of this settlement, the Trustee will not seek turnover of any other real or personal property of the Debtor.

10. Since the Debtor has already complied with the terms of this settlement, the Trustee will not object to the granting of a discharge to the Debtor.

11. Since the Debtor has already complied with the terms of this settlement, the Trustee will not pursue any of the potential preference actions that may exist in this case.

12. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

13.     Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

14.     "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

15.     Based on the specific facts and circumstances of this case, the Trustee has determined that $2,130.00 and the turnover of the 2005 Nissan Altima would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

16.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

CASE NO.: 11-19448-AJC

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 3rd day of September, 2011.

>ROBERT A. ANGUEIRA, P.A.
>6495 SW 24th Street
>Miami, FL 33155
>Tel. (305) 263-3328
>Fax (305) 263-6335
>e-mail: rangueir@bellsouth.net
>
>By _____
>ROBERT A. ANGUEIRA
>Florida Bar No. 0833241

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 11-19448-AJC |
| | : | |
| MANUEL A VINENT, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

### STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation is entered into between Soneet R. Kapila ("the Trustee"), and Manuel A Vinent ("the Debtor"), on this 22nd day of August, 2011.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 7, 2011;

WHEREAS, Soneet R. Kapila is the duly appointed Chapter 7 Trustee;

WHEREAS, the Trustee discovered during the Rule 2004 Examination of the Debtor that he had an accounts receivable in the amount of $2,130.00 which he has already turned over to the Trustee as part of this settlement;

WHEREAS, the Trustee believes that the 2005 Nissan Altima listed on Schedule B at a value of $4,250.00 was undervalued and as part of this settlement the Debtor has already turned over the vehicle and waived the $1,000.00 exemption on this car;

WHEREAS, the Debtor admits to the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;



CASE NO.: 11-19448-AJC

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The aforementioned recitals are true and correct.

2. As part of this settlement, the Debtor has already turned over $2,130.00 to the Trustee. In addition, the Debtor has already turned over the 2005 Nissan Altima and waived the $1,000.00 exemption on this car.

3. Since the Debtor has already complied with the terms of this settlement, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property and with the exception of the 2005 Nissan Altima which has already been turned over.

4. Since the Debtor has already complied with the terms of this settlement, the Trustee will not object to the Debtor's claimed exemptions.

5. Since the Debtor has already complied with the terms of this settlement, the Trustee will not seek turnover of any other real or personal property of the Debtor.

6. Since the Debtor has already complied with the terms of this settlement, the Trustee will not object to the granting of a discharge to the Debtor.

7. Since the Debtor has already complied with the terms of this settlement, the Trustee will not pursue any of the potential preference actions that may exist in this case.

8. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

9. The Trustee has accepted this settlement subject to this Court's approval.

CASE NO.: 11-19448-AJC

10. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

11. Time is of the essence as to all deadlines within this stipulation.

12. This agreement represents the full and complete understanding of the parties.

13. The Trustee believes that this agreement is in the best interest of the estate.

14. This agreement may be signed in counterparts.

15. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  8-24-11
MANUEL A. VINENT                 DATE


_____  _____
SONEET R. KAPILA                 DATE

3

CASE NO.: 11-19448-AJC

10. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

11. Time is of the essence as to all deadlines within this stipulation.

12. This agreement represents the full and complete understanding of the parties.

13. The Trustee believes that this agreement is in the best interest of the estate.

14. This agreement may be signed in counterparts.

15. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____
MANUEL A. VINENT                              DATE

*[signature]*                                 8/22/11
SONEET R. KAPILA                              DATE

3

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :        CASE NO.: 11-19448-AJC
                                                    :
MANUEL A VINENT,                                    :        CHAPTER 7
                                                    :
         Debtor.                                    :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the settlement is **APPROVED**.



EXHIBIT 2

2. As part of the settlement, the Debtor has already turned over $2,130.00 to the Trustee. In addition, the Debtor has already turned over the 2005 Nissan Altima and waived the $1,000.00 exemption on this car.

3. Since the Debtor has already complied with the terms of this settlement, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property and with the exception of the 2005 Nissan Altima which has already been turned over.

4. Since the Debtor has already complied with the terms of the settlement, the Trustee will not object to the Debtor's claimed exemptions.

5. Since the Debtor has already complied with the terms of the settlement, the Trustee will not seek turnover of any other real or personal property of the Debtor.

6. Since the Debtor has already complied with the terms of the settlement, the Trustee will not object to the granting of a discharge to the Debtor.

7. Since the Debtor has already complied with the terms of the settlement, the Trustee will not pursue any of the potential preference actions that may exist in this case.

8. This settlement resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

9. The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 SW 24th Street
Miami, FL 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail: rangueir@bellsouth.net


Copies furnished to:
Robert A. Angueira, Esq.

*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*

3

CASE NO.: 11-19448-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 3rd day of September, 2011, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 3rd day of September, 2011, to:

- Soneet Kapila    trustee@kapilaco.com, FL68@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Robert Sanchez    court@bankruptcyclinic.com, courtECFmail@gmail.com

ROBERT A. ANGUEIRA, P.A.
6495 SW 24th Street
Miami, FL 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail: rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

5

```
[redacted]                      Stampler Auctions              ASSET ACCEPTANCE LLC
                                2801 Evans St                  PO BOX 2036
                                Hollywood, FL 33020-1119       WARREN MI 48090-2036


(p)ADVANTA                      Am Pac Bkcrd                   Amex
700 DRESHER RD                  112 Main Street Po Box 350     Po Box 297871
HORSHAM PA 19044-2206           Aumsville, OR 97325-0350       Fort Lauderdale, FL 33329-7871


Asset Acceptance Llc (Original Cred    Asset Acceptance, LLC.          Barclays Bank Delaware
Po Box 2036                            c/o Rodolfo J. Miro             c/o Law Offices of Andreu Palma & Andreu
Warren, MI 48090-2036                  P.O. BOX 9065                   701 SW 27th Avenue
                                       Brandon, FL 33509-9065          Suite 900
                                                                       Miami, FL 33135-3000


Brclysbankde                    (p)CHASE CARD SERVICES         Chase Mort
P.O. B   8803                   201 NORTH WALNUT STREET        3415 Vision Dr
Wilmington, DE 19899-8803       ATTN MARK PASCALE              Columbus, OH 43219-6009
                                MAIL STOP DE1-1406
                                WILMINGTON DE 19801-2920


Citi                            Dsnb Bloom                     (p)US BANK
Po Box 6241                     Po Box 8218                    PO BOX 5229
Sioux Falls, SD 57117-6241      Mason, OH 45040-8218           CINCINNATI OH 45201-5229


Fst Usa Bk                      Gemb/Ameagle                   Gemb/Oldnavy
Po Box 8650                     Po Box 981400                  Po Box 981400
Wilmington, DE 19899-8650       El Paso, TX 79998-1400         El Paso, TX 79998-1400


Hsbc Nv                         Hsbc/Rtg                       Law Offices of Andreu, Palma & Andreu,PL
Po Box 5253                     Pob 15521                      701 SW 27th Avenue
Carol Stream, IL 60197-5253     Wilmington, DE 19850-5521      Suite 900
                                                               Miami, FL 33135-3000


Main Street Acquisiton (Original Cr    Mayors Jewelers Inc             Mcydsnb
2877 Paradise Rd Unit 30               5870 North Hiatus Road          9111 Duke Blvd
Las Vegas, NV 89109-5236               Tamarac, FL 33321-6424          Mason, OH 45040-8999


[redacted]                      Oxcollection (Original Creditor:11    PHARIA L.L.C.
                                135 Maxess Rd                         C O WEINSTEIN AND RILEY, PS
                                Melville, NY 11747-3801               2001 WESTERN AVENUE, STE 400
                                                                      SEATTLE, WA 98121-3132


Portfolio Recvry&Affil (Original Cr    Sage Capital Recovery           Sears/Cbsd
120 Corporate Blvd Ste 1               1040 King Highway North         8725 W Sahara Ave
Norfolk, VA 23502-4962                 Cherry Hill, NJ 08034-1908      The Lakes, NV 89163-0001
```

(p)WACHOVIA BANK NA
PO BOX 13765
ROANOKE VA 24037-3765

Wf/Wb
Po Box 3117
Winston Salem, NC 27102-3117

Wffnatbank
Po Box 94498
Las Vegas, NV 89193-4498

Wfm/Wbm
3480 Stateview Blvd Bldg
Fort Mill, SC 29715-7203

Wood Law (Original Creditor:11 Dire
11778 S Election D
Draper, UT 84020

World Omni F
1769 Paragon Drive
Memphis, TN 38132-1705

Manuel A. Vinent
3821 SW 138th Court
Miami, FL 33175-6482





Advanta Bank Corp
Po Box 844
Spring House, PA 19477

Chase Bank Usa, Na
Po Box 9180
Pleasanton, CA 94566

Elan Financial Service
Po Box 790084
Saint Louis, MO 63179

Wachovia Bank, N.A.
P.O. BOX 13327
Roanoke, VA 24040-0001

